ADRIAN MARTIN-MARTINEZ,

      Petitioner,

      v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  US
ATTORNEY GENERAL,

      Respondents.

      Case No. 2:26-cv-340-KCD-NPM

/

## **ORDER**

Petitioner Adrian Martin-Martinez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from this judicial district while his habeas petition is pending. According to Martin-Martinez, without this pause button, the Government might whisk him away and deprive him of a chance to litigate his claims before this Court. (*Id.* at 2.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted;

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Martin-Martinez's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g., Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Martin-Martinez requests.

"[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Martin-Martinez's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent

harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n,* 754 F.2d 887, 888 (10th Cir. 1985).

While the Court takes Martin-Martinez's underlying liberty claims seriously, the specific stopgap measure he requests is beside the point. Accordingly, his Motion for Temporary Restraining Order and Preliminary Injunction Preventing Transfer (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on March 11, 2026.

Kyle C. Dudek
United States District Judge